■ KENOSHA BEEF INTERNATIONAL, INC., Respondent, v BANKERS TRUST COMPANY, Appellant. — Order, Supreme Court, New York County (Ascione, J.), entered June 2, 1982, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the defendant's motion to strike the case from the Trial Calendar is granted, with costs. Plaintiff sold meat to McCook Boxed Beef Corporation (McCook) and McCook paid by check drawn on its account with defendant bank. By the time that some of the checks given plaintiff were presented to defendant, McCook had stopped payment. In 1980 McCook filed for reorganization under the Federal Bankruptcy Act (US Code, tit 11, ch 11) and plaintiff is a creditor in that proceeding. In January, 1981, plaintiff commenced litigation against defendant. In essence, the complaint alleges that defendant defrauded plaintiff by conspiring with McCook to manipulate stop payment orders. Shortly after joining issue, the defendant in February, 1981 served plaintiff with a notice of deposition. The plaintiff failed to appear and in May, 1981 defendant obtained an order to compel plaintiff to comply. Between May and July, 1981, the parties were unable to schedule a time for plaintiff's appearance. Then from August, 1981 through mid-March, 1982, a period of approximately seven months, discovery was stayed, while plaintiff's motion and defendant's cross motion for partial summary judgment were *sub judice*. Late in March, 1982, just a few days after plaintiff's motion was denied and defendant's cross motion was granted, plaintiff filed a note of issue and a statement of readiness, which placed this action on the Trial Calendar. Based upon this chronology, no discovery has yet taken place in this action and we find defendant has been denied "a reasonable opportunity to complete" discovery, within the meaning of section 660.4 (subd [d], par [2], cl [i]) of the Rules of the Supreme Court of Bronx and New York Counties (22 NYCRR 660.4 [d] [2] [i]). Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Alexander, JJ., concur.